**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

IN RE: )
)
BRODY HOLDINGS, LLC )      Case No.  26-40399-11
)      Chapter 11
)
              Debtor )
)

**OBJECTION OF SECURED CREDITOR EQUITY BANK TO
DEBTOR'S MOTION AUTHORIZING USE OF CASH COLLATERAL**

COMES NOW Secured Creditor Equity Bank ("Secured Creditor") and Objects to *Debtor's Emergency Motion for Order Authorizing use of Cash Collateral* (Dkt. 8) filed herein by Debtor Brody Holdings, LLC ("Debtor") (the "Motion").  In support, Secured Creditor states:

1.      On March 28, 2025, Debtor delivered to Secured Creditor its Promissory Note dated March 28, 2025 in the original amount of $227,500.00, Loan No. 300558026 ("Note 1"). A copy of Note 1 is attached to this Objection, marked Exhibit "A", and made a part hereof as though fully set forth herein.

2.      On March 28, 2025, Debtor delivered to Plaintiff its Business Loan Agreement dated March 28, 2025 ("BLA").  A copy of the BLA is attached to this Objection, marked Exhibit "B", and made a part hereof as though fully set forth herein.

3.      To secure payment of the indebtedness evidenced by Note 1, and all other indebtedness owed to Secured Creditor by Debtor, Debtor delivered to Secured Creditor a Mortgage dated March 28, 2025 ("Mortgage 1") pledging as collateral for Note 1, and all other indebtedness owed Secured Creditor by Debtor, all of Debtor's right, title and interest in real estate at 233 S. Georgie Ave., Derby, KS 67037 ("Tract 1").

1

4.    A true and correct copy of Mortgage 1 is attached to this Objection, marked Exhibit "C", and made a part hereof as though fully set forth herein.

5.    To further secure payment of the indebtedness evidenced by Note 1, and all other indebtedness owed Secured Creditor by Debtor, Debtor delivered to Secured Creditor an Assignment of Rents dated March 28, 2025 ("Rent Assignment 1") pledging to Secured Creditor as collateral all of Debtor's right, title and interest in the rents from Tract 1.

6.    A true and correct copy of Rent Assignment 1 is attached to this Objection, marked Exhibit "D", and made a part hereof as though fully set forth herein.

7.    Debtor defaulted on Note 1 by failing to make its loan payments and failing to pay on a timely basis the ad valorem taxes accruing on Secured Creditor's collateral.  There remains due and unpaid on Note 1, as of March 18, 2026, a principal balance of $223,470.30, plus accrued interest of $1,175.13 as of March 18, 2026, plus interest accruing from and after March 18, 2026 at the rate of $47.14 per day until paid in full, plus late fees of $186.16, plus payoff fees, court costs, and reasonable attorney fees, all as provided in Note 1, the BLA, Mortgage 1 and Rent Assignment 1 (collectively the "Indebtedness").

8.    On May 9, 2025, Debtor delivered to Secured Creditor its Promissory Note dated May 9, 2025 in the original amount of $422,500.00, Loan No. 300558034 ("Note 2").  A copy of Note 2 is attached to this Objection, marked Exhibit "E", and made a part hereof as though fully set forth herein.

9.    To secure payment of the indebtedness evidenced by Note 2, and all other indebtedness owed to Secure Creditor, the Debtor delivered to Secured Creditor a Mortgage dated March 28, 2025 ("Mortgage 2") pledging to Secured Creditor as collateral for Note 2, and

2

all other indebtedness owed Secured Creditor, all of Debtor's right, title and interest in certain real estate at 2142 N. Nelson Drive, Derby, KS 67037 ("Tract 2").

10. A true and correct copy of Mortgage 2 is attached to this Objection, marked Exhibit "F", and made a part hereof as though fully set forth herein.

11. To further secure payment of the indebtedness evidenced by Note 2, and all other indebtedness owed to by Debtor to Secured Creditor, Debtor delivered to Secured Creditor an Assignment of Rents dated May 9, 2025 ("Rent Assignment 2") pledging to Secured Creditor all of Debtor's right, title and interest in the rents from Tract 2.

12. A true and correct copy of Rent Assignment 2 is attached to this Objection, marked Exhibit "H", and made a part hereof as though fully set forth herein.

13. Note 2 is in default for Debtor's failure to make its loan payments and failure to pay on a timely basis the ad valorem taxes accruing on Secured Creditor's collateral. There remains due and unpaid on Note 2, as of March 18, 2026, a principal balance of $416,350.96, plus accrued interest of $2,730.31 as of March 18, 2026, plus interest accruing from and after March 18, 2026 at the rate of $87.83 per day until paid in full, plus late fees of $711.60, plus payoff fees, court costs, and reasonable attorney fees, all as provided in Note 2, the BLA, Mortgage 2 and Rent Assignment 2 (collectively the "Indebtedness").

14. In neither its Motion nor its schedules filed in this case does Debtor list its current operating expenses or its actual current rental income. Debtor's Motion includes no monthly budget for ongoing operating expenses. The Motion does list: (a) "projected" future rental income; (b) Debtor's net operating income for 2025; (c) Debtor's annual tax and insurance expenses; and (d) Debtor's desire to pay monthly management fees of $10,305 to its sole

member, Brant Dumford.  The Motion lists no other income figures or operating expenses, including no maintenance expenses.

15.     Pursuant to §363(c)(2), Debtor may not use a Secured Creditor's cash collateral without Secured Creditor's consent unless the Court, after notice and a hearing, authorizes such use per 11 U.S.C. §363(c)(2)(B). Per 11 USC §363(e), the Court will prohibit or condition any proposed use of cash collateral as is necessary to provide adequate protection of the Secured Creditor's collateral.

16.     Secured Creditor does not consent to the use of its cash collateral.  It is Debtor's burden to convince the Court that Debtor's proposed use of cash collateral satisfies the requirements of 11 USC §363(c)(2) including a showing that: (a) its proposed use of cash collateral is reasonable and necessary for the preservation and maintenance of its property; and (b) Secured Creditor's lien in its collateral will be adequately protected.  Without a proposed cash collateral budget, Debtor cannot show, nor can Secured Creditor assess, whether Debtor has the ability to preserve and maintain Secured Creditor's collateral.

17.     Any use of rents by Debtor should be pursuant to a Court approved budget and must include payments for full insurance coverage, ongoing ad valorem taxes and maintenance expenses.

18.     Secured Creditor agrees with Debtor that Secured Creditor is oversecured. However, Secured Creditor requests that any Order permitting use of cash collateral be limited to the period through June 30, 2026, which will give Debtor the ability to keep operations going and provide Secured Creditor with the information and documents necessary to assess Debtor's proposed budget going forward.

4

WHEREFORE Secured Lender respectfully requests that the Court enter an Order denying the Motion to the extent inconsistent with this Objection, and grant such other and further relief as the Court deems just and proper.

Dated:  June 1, 2026                                        Respectfully submitted,

/s/ Mark J. Lazzo
Mark J. Lazzo, #12790
MARK J LAZZO, P.A.
Landmark Office Park
3500 N. Rock Rd
Building 300, Suite B
Wichita, Kansas  67226
(316) 263-6895
Attorney for Equity Bank